NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA ex rel. TIG Insurance Company et al., | No.   16-56639 |
| Plaintiffs-Appellants, | D.C. No. 8:16-cv-01555-CJC-JCG |
| v. | MEMORANDUM* |
| BRAD CULPEPPER, DOES, 1-100, inclusive, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted April 10, 2018
Pasadena, California

Before: BEA, MURGUIA Circuit Judges; KEELEY,** District Judge

Brad Culpepper, Defendant-Appellee, is a former professional football

player for the Chicago Bears. Plaintiff-Appellant TIG Insurance Company

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Irene Keeley, Senior United States District Judge for the Northern District of West Virginia, sitting by designation.

(Relator) is successor by merger to Fairmont Premier Insurance Company (Fairmont), the former workers' compensation provider for the Chicago Bears. In November 2010, Culpepper filed a claim for workers' compensation benefits before the California Workers' Compensation Appeals Board (WCAB) in connection with injuries he allegedly suffered playing professional football. In 2000, Culpepper played six games in California while a member of the Chicago Bears, making him eligible for California workers' compensation benefits. Culpepper demanded $180,000 in workers' compensation. Fairmont settled with Culpepper for $175,000, which settlement was approved by the WCAB in the form of an Order Approving Compromise and Release (OACR).

Relator alleges that not long after the settlement it learned that Culpepper's insurance claim was fraudulent. According to Relator's Complaint, shortly after the settlement Culpepper became a contestant on the reality television show *Survivor*, a show which can be physically demanding on its contestants. Relator further alleges that during the pendency of Culpepper's workers' compensation claim, Culpepper engaged in activities such as running and kickboxing that were inconsistent with his claimed disability. Relator alleges Culpepper misled the medical examiners hired as part of the claim process to evaluate his condition.

On December 21, 2015 Relator filed the instant action in California state court under California's Insurance Fraud Prevention Act (IFPA) § 1871.7(e)(1).

Culpepper removed to federal court on the basis of diversity,[1] and moved to dismiss under Fed. R. Civ. P. 12(b)(1). Culpepper argued that California Labor Code (CLC) § 5901 divests the court of jurisdiction to hear this case. CLC § 5901 divests courts of jurisdiction to consider causes of action "arising out of any final order, decision or award" of the WCAB until after the WCAB has had an opportunity to reconsider its prior ruling.[2] The district court granted Culpepper's motion and dismissed the suit because it concluded that the instant *qui tam* suit "arises out of" the OACR, which is a "final order" per § 5901, and because Relator had not asked the WCAB to reconsider the OACR prior to filing this suit. We review the district court's grant of a motion to dismiss under Fed. R. Civ. P.

---

[1] Culpepper is a citizen of Florida. Plaintiffs are citizens of California and New Hampshire. The amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332.

[2] The statute states as follows:

§ 5901. Prerequisites to court action

No cause of action arising out of any final order, decision or award made and filed by the appeals board or a workers' compensation judge shall accrue in any court to any person until and unless the appeals board on its own motion sets aside the final order, decision, or award and removes the proceeding to itself or if the person files a petition for reconsideration, and the reconsideration is granted or denied. Nothing herein contained shall prevent the enforcement of any final order, decision, or award, in the manner provided in this division.

3

12(b)(1) *de novo*. *Pakootas v. Teck Cominco Metals, Ltd.*, 646 F.3d 1214, 1218 (9th Cir. 2011). We reverse.

IFPA § 1871.7(b) authorizes a relator to bring a *qui tam* claim on behalf of the State of California when the relator discovers violations of, *inter alia*, CPC § 550.[3] CPC § 550 in turn prohibits "knowingly present[ing] or caus[ing] to be presented any false or fraudulent claim" for insurance. Relator alleges Culpepper violated CPC § 550 when he "presented" a fraudulent claim for insurance. Relator's claim therefore arises from Culpepper's allegedly fraudulent *presentation* of his claim for insurance benefits, not from the settlement of that claim or from the WCAB's approval of that settlement. Even if no settlement had ever been reached, a suit under CPC § 550 may still be available so long as the relator has discovered the presentation of a fraudulent claim. This suit therefore does not arise from the OACR, and the trial court has subject matter jurisdiction to hear it. We will not construe the term "arising out of" beyond its plain meaning as Culpepper suggests. *See Martinez v. Combs¸* 49 Cal. 4th 35, 51 (Cal. 2010). The WCAB also does not have exclusive jurisdiction over this appeal because this is an action on

---

[3] In relevant part, IFPA §1871.7(b) subjects to liability "[e]very person who violates any provision of this section or Section 549, 550, or 550 of the [California] Penal Code. . ." In turn, IFPA § 1871.7(e) contains the *qui tam* provision, which states that "[a]ny interested persons, including an insurer, may bring a civil action for a violation of this section for the person and for the State of California. The action shall be brought in the name of the state."

behalf of the State of California, not an action for benefits against an employer.

*People ex rel. Alzayat v. Hebb*, 18 Cal. App. 5th 801, 830 (Cal. Ct. App. 2017).

**REVERSED.**